UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

RANDOLF REYES-AYBAR,

                Petitioner,

   -against-                              03-CV-1477
                                                        (LEK)

UNITED STATES OF AMERICA,

                Respondent.

## **MEMORANDUM-DECISION AND ORDER**

Petitioner Randolf Reyes-Aybar now moves this Court to vacate his sentence based on alleged ineffective assistance of counsel pursuant to 28 U.S.C. § 2255. The United States of America, as Respondent, opposes this motion.

### **BACKGROUND**

On or about August 21, 2000, Petitioner was arrested by state authorities in Maryland, and was convicted in Maryland state court of Possession with Intent to Distribute a Controlled Dangerous Substance on January 20, 2001. He was sentenced to 18 months imprisonment. Following his release from state custody, on November 29, 2001, Petitioner was deported from the United States.

On June 1, 2002, Petitioner re-entered the United States from Canada through the Champlain Port of Entry. On June 12, 2002, an indictment was returned by a grand jury charging Petitioner with unlawful re-entry into the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2).

On August 19, 2002, Petitioner pled guilty to re-entry after deportation. The Plea and Cooperation Agreement was filed with the Court on August 19, 2002 in connection with the plea. The Probation Department determined that the base offense level was eight, and as a result of the prior Maryland state conviction for possession with intent to distribute a dangerous controlled substance, and his 18 month sentence, sixteen levels should be added pursuant to U.S.S.G. § 2L1.2(b)(1)(a). Three levels were deducted for Petitioner's acceptance of responsibility, which resulted in an adjusted offense level of 21. The Government moved for a Downward Departure, based on Petitioner's substantial assistance and recommended a three level reduction. The reduction resulted in a guideline range of 33-41 months imprisonment. The Court granted the Government's motion, and sentenced Petitioner on December 12, 2002 to 33 months imprisonment.

## DISCUSSION

**I. Standard of Review for Motion under 28 U.S.C. § 2255**

As one court noted, the collateral attack on a guilty plea under § 2255 is "quite stringent" because it is "presume[d] that the proceedings which led to defendant's conviction were correct." United States v. Moss, 137 F. Supp. 2d 1249, 1256 (D. Kan. 2001).

Ineffective assistance of counsel claims are appropriately brought as § 2255 petitions. "Nonconstitutional errors of law, including sentencing errors, do not provide a basis for collateral attack under § 2255 unless the claimed error constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Berkovits v. United States, 1998 U.S. Dist. LEXIS 8195 (S.D.N.Y. June 3, 1998) (citations omitted). A § 2255 movant can successfully challenge a

guilty plea conviction based on ineffective assistance of counsel when petitioner has been deprived of his right to a direct appeal whatever the merits of the appeal. Garcia v. United States, 278 F.3d 134, 134 (2d Cir. 2002); McHale v. United States, 175 F.3d 115, 119 (2d Cir. 1999). A claimant, however, must demonstrate facts that counsel did not follow the directions of the claimant.

**A. Ineffective Assistance of Counsel**

When a petitioner claims ineffective assistance of counsel, he must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 669 (1984).

### 1. Petitioner's Argument

Petitioner contends that the adjusted offense level of 21, under U.S.S.G. § 2L1.2 (A) and (b)(1)(A), was inappropriate. Petitioner claims the prior conviction from Maryland State post-dated the commission of the instant offense, and did not pre-date Petitioner's re-entry into the United States. Petitioner asserts that because counsel failed to object on this ground, to the use of the previous conviction to enhance Petitioner's offense level, his counsel's assistance was ineffective.

Additionally, Petitioner asserts that the previous conviction did not qualify as a "drug trafficking offense" as that term is defined in Application Note 1(B)(iii) to § 2L1.2. More specifically, that the possession of a controlled substance with intent to distribute did not apply to Petitioner's prior conviction. As such, Petitioner contends that the sentence enhancement should

not have been greater than sixteen levels, under § 2L1.2(b)(1)(c), resulting in an adjusted offense level of 21, rather than 24.   Again, Petitioner contends that counsel's failure to object constitutes ineffective assistance of counsel.

## 2. Respondent's Argument

The Government contends that the Maryland State conviction pre-dated the commission of the instant offense, and did not post-date Petitioner's re-entry into the United States.  A review of the record indicates the Maryland arrest took place on August 21, 2000 and the conviction took place on January 20, 2001.  Both of these events pre-date the November 21, 2001 deportation and the June 1, 2002 re-entry into the United Sates.  The Government contends that these facts indicate the sixteen level enhancement was appropriate.

Addressing Petitioner's alternative argument, that he ws convicted only of "Criminal Possession of a Controlled Substance in the Fifth Degree" and did not encompass "an intent to distribute" element, the Government identifies three reasons this is incorrect: (1) The Pre Sentence Investigation Report identifies the conviction as being for "Possession With Intent to Distribute Narcotics."  PSI 29; (2) Petitioner admitted in his plea agreement that his conviction was for possession with intent to distribute cocaine.  Plead and Cooperation Agreement 6(a); (3) The facts of the underlying offense, including Petitioner's description to the Probation Officer, demonstrate possession with intent to distribute cocaine as Petitioner was found transporting 551.4 grams of cocaine hidden in a secret compartment of a vehicle.  PSI 30.  Upon review, the court finds that Petitioner was convicted of Possession With Intent to Distribute Narcotics, and therefore Petitioner's motion is denied on these grounds.

Lastly, Petitioner has not demonstrated facts that indicate counsel's representation fell below the objective standard of reasonableness. Petitioner has failed to demonstrate that counsel's advice was incorrect. Consequently, the claim fails the first prong of the Strickland test.

## CONCLUSION

For the reasons stated above, it is hereby:

IT IS ORDERED that Petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 is **DENIED**; and

IT IS ORDERED that the Clerk of the Court shall serve copies of this order by regular mail upon the parties to this action.

IT IS SO ORDERED.

DATED:	April 27, 2005
	Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge